UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
HELEN SWARTZ, Individually,

                            Plaintiff,                      **ANSWER TO COMPLAINT**

     v.

                                                   **Case No. 1:19-cv-08774 - JPO**

GIRAFFE COMPANY INC., a New York
Corporation, and LIBRARY HOTEL
COMPANY INC., a New York Corporation,

                            Defendant.
--------------------------------------------------------------------X

      Defendants GIRAFFE COMPANY INC. and LIBRARY HOTEL COMPANY INC., (hereinafter referred to as the "Defendants"), by their attorney, Law Offices of Mitchell S. Segal, P.C., as and for their answer to Plaintiff's Complaint (the "Complaint"), deny each and every allegation contained in the Complaint except as admitted or otherwise qualified herein, and allege on knowledge with respect to themselves and their own acts and on information and belief as to all other matters that they:

   1. Defendants admit the allegations contained in Paragraph "1" of the Complaint.

   2. Paragraph "2" of the Complaint asserts conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

   3. Paragraph "3" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiff seeks the jurisdiction of this Court.

   4. Defendants have no knowledge or information sufficient to form a belief as to the truth or

accuracy concerning the allegations contained in Paragraph "4" of the Complaint, and therefore deny these allegations.

5. Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6. Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. Paragraph "9" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10. Defendants deny the allegations contained in Paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12. Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14. Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15. Defendants deny the allegations contained in Paragraph "15" of the Complaint.

Defendants deny all statements and allegations contained therein, including any claim for relief set forth in Plaintiff's "WHEREFORE" clause in the Complaint.

## **ALLEGED VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW**

16. Defendants repeat and reiterate all prior responses made herein in Paragraphs "1" thru "15".

17. Paragraph "17" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendant denies the allegations contained in Paragraph "17" of the Complaint

18. Paragraph "18" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendant denies the allegations contained in Paragraph "18" of the Complaint.

19. Paragraph "19" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendant denies the allegations contained in Paragraph "19" of the Complaint.

20. Defendants' deny the allegations contained in Paragraph "20" of the Complaint.

21. Paragraph "21" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendant denies the allegations contained in Paragraph "21" of the Complaint.

22. Paragraph "22" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendant denies the allegations contained in Paragraph "22" of the Complaint.

23. Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24. Paragraph "24" of the Complaint asserts legal conclusions to which no answer is required.  To the extent an answer is required the Defendant denies the allegations contained in Paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in Paragraph "27" of the Complaint.

Defendants deny all statements and allegations contained therein, including any claim for relief set forth in Plaintiff's "WHEREFORE" clause in the Complaint.

## ADDITIONAL AVERMENTS

28. Defendants deny all claims and allegations in the Complaint not unequivocally admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. The alleged barriers to accessing the Premises are not required to be removed and structural work is not required to be performed, because the removal of such barriers are not readily achievable, easily accomplishable, and able to be carried out without much difficulty or expenses within the meaning of Title III of the American with Disabilities Act.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, for lack of standing and the capacity to sue.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Plaintiff's claims which seek injunctive relief, are barred, in whole or in part, by unclean hands, including, but not limited to, on information and belief, that Plaintiff has engaged and continues to engage in a pattern and practice of allegedly visiting places of public accommodation in bad faith, without the intent of accessing goods and services and with sole

purpose of filing lawsuits, including in respect of this actions.

### AS AND FOR FOURTH AFFIRMATIVE DEFENSE

32. The Complaint fails to state a viable cause of action and is insufficient on its face.

### AS AND FOR FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff failed to properly mitigate her alleged damages.

### AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

35. The property is not a "place of public accommodation" as stated in Title III of the Americans with Disabilities Act.

### AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

36. The modifications demanded by Plaintiff would fundamentally alter the nature of the facility or accommodations located at the property and are not readily achievable.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE

37. Plaintiff has not articulated a plausible proposal for barrier removal, the costs of which, facially, do not exceed its benefits.

### AS AND FOR TENTH AFFIRMATIVE DEFENSE

38. The requested modifications would impose an undue burden on the Defendants.

### AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

39. The removal of the alleged barriers would alter the nature of the Defendant's public accommodations pursuant to 42 U.S.C. §12182 (b) (2) (11).

### AS AND FOR TWELFTH AFFIRMATIVE DEFENSE

40. The Defendants already provide access through readily achievable "alternative methods" including customer service and delivery.

### AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

41. Any alterations proposed by Plaintiff would be structurally impracticable pursuant to 28 CFR §36.402.

### AS AND FOR FORTEENTH AFFIRMATIVE DEFENSE

42. Plaintiffs proposed alterations to "path of travel" are disproportionate to the overall alterations in terms of scope and cost pursuant to 42 USC §12183 (a) (2).

### AS AND FOR FIFTEENTH AFFIRMATIVE DEFENSE

43. Any renovations undertaken did not constitute alterations.

### AS AND FOR SIXTEENTH AFFIRMATIVE DEFENSE

44. Any alterations would be infeasible pursuant to ADAAG §4.1.6 (1) (j).

### AS AND FOR SEVENTEENTH AFFIRMATIVE DEFENSE

45. Defendants have satisfied the maximum extent feasible standard.

### AS AND FOR EIGHTEENTH AFFIRMATIVE DEFENSE

46. Defendants are not the responsible parties.

WHEREFORE, Defendants respectfully request a judgment,

1. Dismissing the Complaint in its entirety, with prejudice;

2. Denying each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3. The Defendants demand a jury trial in this action; and

4. For such other and further relief as to this Court believes just and proper.

Dated: Great Neck, New York
      January 31, 2020            Respectfully submitted,

      /s/   Mitchell Segal

Mitchell Segal, Esq.
Law Offices of Mitchell S. Segal, P.C.
Attorney For Defendants
1010 Northern Boulevard, Suite 208
Great Neck, New York 11021
(516) 415-0100